Dismissed and Memorandum Opinion filed November 23, 2010.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00819-CV

____________

 

CARLOS MENDOZA, JR., Appellant

 

V.

 

VIELCA AIDA OLANDEZ-MENDOZA, Appellee

 



 

On Appeal from the 311th District Court

Harris County, Texas

Trial Court Cause No. 2010-38052

 



 

M E M O R
A N D U M  O P I N I O N

This is an attempted appeal from an order signed August 6, 2010. 
A partial clerk’s record was ordered so this court could determine its
jurisdiction.  The record was filed on November 15, 2010.  

Generally, appeals may be taken only from final judgments.  Lehmann
v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory
orders may be appealed only if permitted by statute.  Bally Total Fitness
Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  The
record reflects this appeal is brought from a denial of indigency by the trial
court.  Accordingly, there is no appealable order.  See Kilsby v. Mid
Century Ins. Co. of Tex., No. 14-07-00981-CV, 2008 WL 889428, at *1 (Tex.
App. – Houston [14th Dist.] Apr. 3, 2008, no pet.) (mem. op.) (dismissing
appeal of interlocutory order sustaining challenge to affidavit of inability to
pay costs).  We may review a challenge to the denial of indigency only when it
is made as part of a pending appeal from a final judgment or other appealable
order.  See Tex. R. App. P. 20.1.  

From our review of the file, the trial judge originally
signed a denial of indigency on August 6, 2010 and reformed the order on
September 9, 2010. The docket sheet incorrectly calls this order a final
reformed judgment. The order required appellant to pay costs by November 29,
2010, and provided that the case shall be dismissed without prejudice upon
non-payment of the costs.  This is a non-appealable order.

On September 29, 2010, notification was transmitted to the
parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating grounds for
continuing the appeal on or before October 12, 2010.  See Tex. R. App. P. 42.3(a).  Appellant
filed a response on October 8, 2010.  Appellant’s response fails to demonstrate
that this court has jurisdiction over the appeal.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Justices
Seymore, Boyce, and Christopher.